IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIAN BAUMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLES LORD, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**FILED**
**DECEMBER 26, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

PH   **07 C 7228**

**JUDGE ZAGEL**
**MAGISTRATE JUDGE BROWN**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant Charles Lord hereby removes the instant action from the Circuit Court of Cook County, Illinois to this United States District Court for the Northern District of Illinois, on the following grounds:

1.   Plaintiff Marian Baumann filed a complaint against Lord in the Circuit Court of Cook County, Illinois ("state court"), on November 2, 2007. The case was assigned case number 2007L012482 in state court. A copy of Baumann's complaint is attached hereto as Exhibit A. No other process, pleadings or orders have been served on Defendant.

2.   Lord was served with a copy of Baumann's complaint on November 27, 2007.

3.   Baumann is an individual person domiciled in Illinois. (Compl. ¶ 7.) Lord is an individual person domiciled in New Jersey. (Compl ¶ 8.) Accordingly, the citizenship of all parties is diverse, as required for diversity jurisdiction under 28 U.S.C. §1332. Also, the defendant is not a citizen of Illinois, the state in which this action is brought, and thus removal is permissible under 28 U.S.C. § 1441(b).

4. Baumann alleges that Lord tortiously interfered with a prospective economic advantage, namely her continued employment at will with Commanderie D'Amerique de la Confrerie des Chevaliers du Tastevin, Inc. ("Confrerie"). (Compl. ¶¶ 71-74.) Baumann's Complaint requests "damages in excess of $50,000," as well as an additional, unspecified amount of "punitive damages." (Compl. at p. 20.)

5. At the time Baumann's at-will employment with Confrerie ended, her annual salary was $58,000. (Ex. B, Decl. of Stephen T. Jacobs ¶ 3.)

6. Accordingly, if Baumann succeeds on her claim and is awarded even 1.5 years worth of back pay and/or front pay as damages for Lord's alleged interference, her recovery would exceed $75,000.

7. Even if Baumann receives less than $75,000 in back pay and/or front pay damages, an award of the unspecified punitive damages that she seeks could easily push her recovery over $75,000.

8. Therefore, the amount in controversy exceeds $75,000, the minimum amount required to establish diversity jurisdiction in this Court. 28 U.S.C. § 1332.

9. Baumann has no grounds to oppose this Notice of Removal, as she cannot demonstrate to a legal certainty that there is less than $75,000 in controversy. Indeed, Baumann states in her Complaint that she "has been significantly damaged by her termination in an amount which *cannot be calculated with exact certainty* at this time." (Compl. ¶ 74 (emphasis added).)

10. Lord submits this Notice without waiving any defenses to the claims asserted by Baumann or conceding that Baumann has pled claims upon which relief can be granted.

11. The state court from which this action was removed and in which this action was commenced is within this Court's district and division.

12. This Notice of Removal will be filed promptly with the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

13. By copy of this document and in accordance with the Certificate of Service, Defendant is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Lord removes the instant action from the Circuit Court of Cook County, Illinois, to this United States District Court for the Northern District of Illinois.


Dated: December 26, 2007          **CHARLES LORD**

                                               By: /s/ Jane M. McFetridge
                                                     One of His Attorneys

Jane M. McFetridge
Neil H. Dishman
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, IL 60610
(312) 787-4949

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the attached Notice of Removal has been served via regular U.S. mail, properly addressed and postage prepaid, this 26th day of December 2007, to:

William Lynch Schaller
John M. Murphy
Peter P. Tomczak
Kevin M. Glynn
Baker & McKenzie LLP
Suite 3500
130 East Randolph
Chicago, IL  60601

                                               /s/ Neil H. Dishman_____
                                               Neil H. Dishman